UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CARLOS JOSE CASTILLO-VASQUEZ,  )<br>  Petitioner,  )<br>  )<br>  v.  )<br>  )<br>DAVID WINN, ET AL.,  )<br>  Respondents.  )<br>  ) | CIVIL ACTION NO. 05-40070-PBS |

MEMORANDUM AND ORDER

June 10, 2005

Saris, U.S.D.J.

BACKGROUND

On May 11, 2005,[1] Petitioner Carlos Jose Castillo-Vasquez, an immigration detainee at FMC Devens in Ayer, MA, filed a *pro se* § 2241 habeas petition, challenging both his prolonged detention and the validity of his removal. The challenge to his removal order is based on the allegations that 1) he is a national citizen and legal resident of New York; 2) his underlying state court criminal conviction for rape was invalid, and therefore his first order for deportation was invalid; and 3) because the first order of deportation was invalid, his conviction for illegal re-entry of a deported alien was also invalid, as is the subsequent (reinstated) removal order.

On May 16, 2005, the Respondents filed a Motion to Transfer

---

[1] The CM/ECF docket reveals the case was filed on May 11, 2005, however, the date stamp reflects the filing of the petition as May 6, 2005.

Case to First Circuit Court of Appeals Pursuant to Section 106(c) of the REAL ID Act of 2005(#3). On May 17, 2005, this Court entered an Order requiring the Respondents to provide this Court with seven business days advance notice of any deportation or removal of the Petitioner.  On May 18, 2005 the Respondents withdrew the Motion to Transfer (#3) and filed an amended Motion to Transfer this action to the Second Circuit Court of Appeals, (#4) in light of the fact that Petitioner's Order of Removal was re-instated in New York, New York, and therefore the Second Circuit Court of Appeals was the appropriate circuit court of appeals to which this action should be transferred. The motion has not been opposed.  However, mail sent from the Court has been returned as undeliverable.

ANALYSIS

I.   The Prolonged Detention Claim.

Petitioner contends his constitutional rights have been violated because he has been in immigration custody for a period in excess of six months, with no reasonable likelihood that he will be removed in the foreseeable future.  The thrust of Petitioner's detention claim appears to be that his current detention is in contravention of the Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001) and its progeny.  In Zadvydas, the Supreme Court held that after a reasonable post-removal period of 6-months, if an alien provides good reason to

believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. <u>Zadvydas</u>, 533 U.S. at 701.

Here, Petitioner fails to provide specific factual information with respect to his custodial status. However, based on the attachments to the Respondents' response, and inquiry of the Court, it appears that during the past six months, Petitioner was in federal custody serving a federal criminal sentence, and was <u>not</u> in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"). Petitioner was only recently released from the custody of the Bureau of Prisons to ICE on May 6, 2005. The Final Warrant of Removal was issued on May 5, 2005. Respondents argue that any ICE detainer filed with the Bureau of Prisons does not trigger ICE's obligation to execute a removal order, before the Petitioner is released into ICE's custody. <u>See</u> INA, § 1231(a)(4)(A) (ICE may not remove an alien until release from imprisonment). Additionally, the Respondents assert that a Warrant of Removal was issued on May 5, 2005, and that the Respondents are afforded ninety (90) days to accomplish removal. <u>See</u> Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a)(1)(A). Petitioner has only been in ICE custody for a little over a month for purposes of the <u>Zadvydas</u> six(6) month clock calculation, and therefore his current detention pending

removal is not unlawful.

Accordingly, the portion of Petitioner's habeas petition challenging his post-removal order detention is hereby Dismissed, without prejudice.

II.  The REAL ID Act of 2005.

On May 11, 2005, the REAL ID Act of 2005 ("REAL ID Act"), was enacted.[2]  Section 106(c) of the REAL ID Act explicitly provides that judicial review of removal orders rests exclusively in the "appropriate" United States Circuit Court of Appeals, and the District Court lacks jurisdiction to review such removal orders.  Section 106(c) of the REAL ID Act also mandates that all habeas corpus actions which challenge orders of removal that were pending on the date of the REAL ID Act's enactment (May 11, 2005), shall be transferred to the court of appeals (or, if the petition contains other claims, then that part of the case that challenges the order of removal, deportation, or exclusion shall be transferred).  "[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act [the Immigration and Nationality Act], except as provided in subsection (e) [of 8 U.S.C. § 1252]."  REAL ID Act,

---

[2] REAL ID Act of 2005, Pub. L. No. 109-13, Div. B; 119 Stat. 231, 302 (May 11, 2005).

4

§ 106(a)(1)(B).

Under § 106(c) of the REAL ID Act, the "appropriate" circuit court of appeals is the one in which "a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note)." REAL ID Act, § 106(c). Section 1252(b)(2) provides that proper venue for a petition for review is "...with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252 (b)(2).

In the present case, the remaining portion of Petitioner's habeas petition falls within the provisions of § 106(c) of the REAL ID Act, since it challenges the validity of Petitioner's (re-instated) order of removal, and it was a pending petition in this Court as of May 11, 2005. Accordingly, this Court lacks jurisdiction to review this portion of the petition, and it must be transferred to the appropriate circuit court of appeals. Petitioner's re-instated Warrant of Removal occurred in New York. However, it is not clear in the record where the immigration judge completed the proceedings.

Accordingly, it is hereby ORDERED that the Respondent expand the record to clarify the basis for transfer to the Second

Circuit.

## CONCLUSION

For the reasons stated above, it is hereby ORDERED:

1. Petitioner's request for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 based on prolonged detention is denied;

2. Respondents' Motion to Transfer to the First Circuit Court of Appeals (#3) is withdrawn;

3. Respondents' Motion to Transfer to the Second Circuit Court of Appeals (#4) is Denied without prejudice pending receipt of a clarification of the record to determine the Judicial Circuit in which the immigration judge completed the proceedings;

4. The Temporary Stay of Removal entered by this Court is continued;

5. Respondent shall forthwith provide a mailing address for Petitioner, and is Ordered not to transfer him to another facility pending these court proceedings without first providing notice to this Court regarding his whereabouts.

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE