UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARLOS JOSE CASTILLO-VASQUEZ, ) <br> ) <br> Petitioner ) <br> ) <br> v. ) <br> ) <br> WARDEN DAVID WINN, ET AL. ) <br> ) <br> Respondents ) | Civil Action No. <br> 05cv40070-PBS |

CLARIFICATION IN SUPPORT OF MOTION TO TRANSFER CASE
TO SECOND CIRCUIT COURT OF APPEALS PURSUANT TO
SECTION 106(c) OF THE REAL ID ACT OF 2005

By Memorandum and Order dated June 10, 2005, the Court has ordered respondent[1] to clarify the basis for its position that this case should be transferred to the Second Circuit Court of Appeals, and to provide petitioner's most recent address.

Respondent's position is that transfer to the Second Circuit Court of Appeals is appropriate because the former Immigration and Naturalization Service issued petitioner's reinstated order of removal in New York, New York, which is within the Second Circuit, on January 21, 2003. See Attachment C to respondent's Memorandum in Support of Motion to Transfer Case to Second Circuit Court of Appeals Pursuant to Section 106(c) of the REAL ID Act of 2005 ("RIDA").

---

[1] See 28 U.S.C. § 517 (providing for the appearance of the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States").

The Court has accurately observed in its June 10, 2005, Memorandum and Order that section 106(c) of RIDA[2] refers to the "appropriate" transferee circuit court of appeals as that circuit where a petition for review could have been filed under 8 U.S.C. § 1252(b)(2).  Memorandum and Order, p. 5.  The Court has also correctly noted that 8 U.S.C. § 1252(b)(2) provides for proper venue in the "court of appeals for the judicial circuit in which the immigration judge completed the proceedings." Id., citing 8 U.S.C. § 1252(b)(2).

The predicate removal proceedings against petitioner were completed on August 27, 1999, before an Immigration Judge in Oakdale, Louisiana, which is within the Fifth Circuit Court of Appeals. See Attachment A.  That Oakdale removal order was executed when petitioner was removed from the United States on September 9, 1999.  However, petitioner subsequently re-entered the United States unlawfully and the present removal effort against petitioner is based upon a reinstated order of removal issued under 8 U.S.C. § 1231(a)(5) on January 21, 2003, in New York, New York.  See Attachment C to respondent's Memorandum in Support of Motion to Transfer Case to Second Circuit Court of Appeals Pursuant to Section 106(c) of the REAL ID Act of 2005 ("RIDA").

---

[2] See the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, (H.R. 1268), which includes the REAL ID Act of 2005, Division B of Title VII of H.R. 1268, 109th Cong. (2005), Pub. L. No. 109-13, Div. B, 119 Stat. 231.

It is true that the only removal proceedings before an Immigration Judge in petitioner's case occurred in Oakdale, Louisiana, within the Fifth Circuit, and upon the basis of those proceedings petitioner was removed from the United States. However, petitioner cannot challenge the executed order of removal that was issued in Oakdale, Louisiana. See 8 U.S.C. § 1231(a)(5) (providing that reinstated order of removal "is not subject to being reopened or reviewed.").

Moreover, the First Circuit has held that it is the *reinstatement* of the order that is subject to review, not the antecedent removal order. Arevalo v. Ashcroft, 344 F.3d 1, 9 (1st Cir. 2003)("The reinstatement itself operates as the functional equivalent of a final order of removal. While we cannot revisit the validity of the original deportation order, see INA § 241(a)(5), we do have the authority to determine the appropriateness of its resurrection.").

Therefore, to the extent that petitioner seeks to challenge the reinstated order of removal, issued on January 21, 2003, in New York, which is the "functional equivalent" of a removal order, Arevalo, 344 F.3d at 9, he must do so at the Second Circuit Court of Appeals, which has jurisdiction over removal orders entered in New York, New York.

Respondent also provides the Court with the petitioner's mailing address[3] at the facility where petitioner is now

detained, and of course acknowledges the Court's order related to provision of notice to the Court of petitioner's whereabouts if he is to be moved:

**Carlos Jose Castillo-Vasquez (A44 661 217)**
**Plymouth County Correctional Facility**
**26 Long Pond Road**
**Plymouth, Massachusetts  02360**

Finally, the Court has ordered that "The Temporary Stay of Removal entered by this Court is continued". Memorandum and Order, p. 6.  However respondent is unable to discern from the Docket or otherwise any stay of removal issued by the Court, although the Court has ordered that it be provided seven (7) business days advance notification of any removal, and respondent acknowledges that order as continuing.

>                                   Respectfully submitted,
>
>                                   MICHAEL J. SULLIVAN
>                                   United States Attorney
>
>                              By:  s/Frank Crowley
>                                   FRANK CROWLEY
>                                   Special Assistant U.S. Attorney
>                                   Department of Homeland Security
>                                   P.O. Box 8728
>                                   J.F.K. Station
>                                   Boston, MA 02114
>                                   (617) 565-2415

---

[3] It does not appear from the Docket that petitioner has informed the Court of his change of address.

CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on June 15, 2005, at:

Carlos Jose Castillo-Vasquez (A44 661 217)
Plymouth County Correctional Facility
26 Long Pond Road
Plymouth, Massachusetts  02360

                                        s/Frank Crowley
                                        FRANK CROWLEY
                                        Special Assistant U.S. Attorney
                                        Department of Homeland Security
                                        P.O. Box 8728
                                        J.F.K. Station
                                        Boston, MA 02114

ATTACHMENT A

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
1900 E. WHATLEY ROAD
OAKDALE, LA  71463

In the Matter of:                          Case No.: A44-661-217
CASTILLO-VASQUEZ, CARLOS JOSE

RESPONDENT                              IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

Upon the basis of respondent's admissions, I have determined that the respondent is subject to removal on the charge(s) in the Notice to Appear.

Respondent has made no application for relief from removal.

It is HEREBY ORDERED that the respondent be removed from the United States to DOMINICAN REPUBLIC on the charge(s) contained in the Notice to Appear.

If you fail to appear for removal at the time and place ordered by the INS, other than because of exceptional circumstances beyond your control (such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances), you will not be eligible for the following forms of relief for a period of ten (10) years after the date you were required to appear for removal:

   (1)   Voluntary departure as provided for in section 240B of the
         Immigration and Nationality Act;
   (2)   Cancellation of removal as provided for in section 240A of the
         Immigration and Nationality Act; and
   (3)   Adjustment of status or change of status as provided for in section
         245, 248 or 249 of the Immigration and Nationality Act.

                                       JOHN A. DUCK, JR.
                                       Immigration Judge
                                       Date:  Aug 27, 1999

Appeal: WAIVED (A/I/B)
Appeal Due By: Sep 27, 1999

BG